## JOHN JEFFERSON v. THE STATE.

### No. 2530.    Decided June 18, 1913.

**1.—Murder—Charge of Court—Definition of Homicide—Words and Phrases.**

Where appellant complained that the court used the expression in his definition of homicide: "the destruction of the life of one person by the act," etc., instead of, "the destruction of the life of one human being," there was no merit in the contention.

**2.—Same—Charge of Court—Receiving Law from Court.**

Where the court charged that the jury must receive the law from the court, there was no error in the complaint that the court did not so charge.

**3.—Same—Sufficiency of the Evidence.**

Where, upon a conviction of murder in the second degree, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Newton. Tried below before the Hon. A. E. Davis.

Appeal from a conviction of murder in the second degree; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*O. B. Wigley* and *A. S. McKee,* for appellant.—On question of the court's charge: Nels v. State, 2 Texas, 280.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of murder in the second degree, his punishment being assessed at ten years confinement in the penitentiary.

Appellant criticises the following quotation from the court's charge: "Homicide is the destruction of the life of one person by the act, agency, procurement or culpable omission of another," because the same is erroneous and incorrect, and fails to define homicide, as that term is used in law and defined in the statutes of the State. These objections are quite general, but an inspection of the statute compared with the charge given, shows that if there is any difference it is in the fact that the court used the expression "the destruction of the life of one person by the act," etc., instead of "the destruction of the life of one human being." There is no merit in this contention, and we deem it unnecessary to discuss the matter.

The second criticism of the charge is that the court failed to state to the jury in the written charge delivered, that they were to "receive the law from the court in this written charge." We think the court's charge is fully sufficient on this question. The charge is as follows: "You are the sole and exclusive judges of the facts proven, of the credibility of the witnesses, and the weight and value to be given to their testimony, but the law you receive from the court, and you are bound to be governed thereby." This was sufficient on that question.

Appellant contends that the evidence does not support the conviction, first, because it does not show that the deceased came to his death by the wound inflicted by the defendant, and, second, that the verdict and judgment are contrary to the law and the evidence and not supported by the evidence. We are of opinion that the evidence is sufficient on both propositions. The evidence was conflicting as to the relation of the parties to the difficulty and who was in the wrong. The State's evidence shows that appellant was clearly the aggressor in the difficulty which resulted in the death of the deceased. The defendant introduced evidence to the contrary. This was a matter for the jury; they saw the witnesses and heard them testify. Under such circumstances this court would hardly be justified in setting aside the conviction.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*